IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ELISE SPEARS )<br>)<br>Plaintiff, )<br>) No.  5:10-cv-421<br>vs. )<br>)<br>ONLINE INFORMATION SERVICES, )<br>INC., d/b/a ONLINE COLLECTIONS, )     **JURY DEMAND ENDORSED HEREON**<br>)<br>Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, ELISE SPEARS, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, ONLINE INFORMATION SERVICES, INC. d/b/a ONLINE COLLECTIONS, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts From Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Fort Bragg, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of North Carolina which has its principal place of business in Winterville, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about January 28, 2009, Defendant mailed a letter to Plaintiff in an attempt to collect an alleged debt that was in Plaintiff's name only.

8. On or about February 5, 2010, Plaintiff contacted Defendant regarding the aforementioned alleged debt and spoke with Defendant's representatives and employees, including but not limited, to Debra (last name unknown) and Roger Morris (hereinafter "Morris").

9. During the aforementioned telephone conversation, Morris stated that he would "have to go to JAG" and Plaintiff's husband's commanding officer regarding non-payment of the alleged debt.

10. Further, Morris stated that he "knew how to get" money to pay the alleged debt from Plaintiff's husband's commanding officer through a "direct deposit withdrawal. "

11. Additionally, Morris stated that Plaintiff's non-payment of the alleged debt "would not look good" on Plaintiff's husband's credit report.

12. Morris also stated to Plaintiff that her husband would not be able to advance his career in the military if the alleged debt was not paid in full.

13. On or about February 12, 2010, Plaintiff mailed a letter to Defendant disputing the alleged debt, requesting validation of the alleged debt, and requesting that Defendant not contact her again regarding the alleged debt.

14. Nonetheless, a representative of Defendant contacted Plaintiff by telephone on or about February 15, 2010 in a further attempt to collect the alleged debt.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Continuing to communicate with Plaintiff after Defendant was notified in writing that she wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

    b. Falsely representing or implying that Defendant was vouched for, bonded by, or affiliated with the United States government or any state government, in violation of 15 U.S.C. § 1692e(1);

    c. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

e. Falsely representing or implying that Plaintiff's husband committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

f. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendant in writing within the applicable period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b);

g. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about our client, in violation of 15 U.S.C. § 1692e(10); and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ELISE SPEARS, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a. Falsely representing or implying that you are vouched for, bonded by, or affiliated with the United States government or any state government, in violation of N.C. Gen. Stat. § 58-70-110(4);

   b. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

   c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

   d. Falsely representing or implying that Plaintiff's husband committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 58-70-95(2); and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ELISE SPEARS, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 (facsimile)
Lynette@LuxenburgLevin.com